Filed 3/27/26  P. v. Moore CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C103145 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CR000071) |
| v. | |
| KELLY MULLINS MOORE, | |
| Defendant and Appellant. | |

Defendant Kelly Mullins Moore pled guilty to theft-related charges and was sentenced to six years four months in prison.  In defendant's first appeal, this court remanded the case for resentencing after concluding the trial court abused its discretion when it found that dismissing a prior serious felony enhancement would endanger public safety (Pen. Code, § 667, subd. (a); further undesignated statutory references are to the Penal Code).  On remand, the trial court declined to dismiss the enhancement and sentenced defendant to the same term.  Defendant timely appeals, claiming the trial court

1

abused its discretion by reimposing the prior serious felony enhancement. We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying defendant's conviction are detailed in his prior appeal in *People v. Moore* (Nov. 1, 2023, C097908) [nonpub. opn] (*Moore*)).[1]

"An officer saw defendant's car stopped in front of a storage unit that had been pried open. When officers pulled over defendant and searched the car's trunk, they found a brass elephant, a tackle box, a tripod, a travel bag, and a Remington .22-caliber rifle. The victim confirmed those items were taken from his storage unit.

"The first amended information charged defendant with theft of a firearm, being a felon in possession of a firearm, burglary, vandalism, and receiving stolen property. The information also alleged a five-year prior serious felony enhancement (§ 667, subd. (a)) and a prior serious or violent felony conviction within the meaning of the Three Strikes Law ('prior strike'). (§§ 667, subd. (b)-(i), [] 1170.12.)

"Defendant pled guilty to the theft of a firearm, burglary, and possession of firearm by a felon and admitted the five-year enhancement in exchange for a maximum term of nine years four months and dismissal of the remaining charges, allegation, and two additional cases." (*Moore*, *supra*, C097908.)

At sentencing, the trial court declined to strike the prior serious felony enhancement and sentenced defendant to six years four months in prison, consecutive to an aggregate prison term defendant was serving in three other cases.

Defendant appealed, and this court concluded the trial court abused its discretion in determining that dismissing the enhancement would endanger public safety. (*Moore*,

---

[1] On our own motion, we take judicial notice of our prior opinion in *Moore*, *supra*, C097908. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

2

*supra*, C097908.)  This court vacated the sentence and remanded the matter to the trial court for resentencing but otherwise affirmed the judgment.  (*Ibid*.)

On remand, the parties submitted resentencing briefs, and the trial court held a resentencing hearing.

Defendant argued that, absent new evidence of danger, the prior serious felony enhancement must be stricken.  According to defendant, because this court found insufficient evidence supported the trial court's finding at sentencing, and there was no new evidence at resentencing, the trial court could impose the enhancement only if it found that striking the enhancement would result in unreasonable danger to the public.

The People responded that the application of section 1385, subdivision (c)(2) "does not hinge solely on the question of public safety."  Citing *People v. Walker* (2024) 16 Cal. 5th 1024 (*Walker*), the People argued that the court retained discretion to dismiss the enhancement in the interests of justice even if it failed to find that dismissal of the enhancement would endanger public safety.  The People also introduced defendant's certified rap sheet into evidence.  The People acknowledged defendant had made a "token effort" to rehabilitate but asserted his criminal record that included numerous felony convictions, prior prison time, and poor performance on parole, outweighed the mitigating factors, especially since defendant demonstrated a complete disregard for the public's safety and wellbeing.

The trial court reviewed the probation report, which "disclosed that since 1988, defendant had convictions for eight misdemeanors and 16 felonies and had served at least nine different prison terms.  Those prior convictions included a 1988 burglary; a 1990 possession of a dangerous weapon; a 1991 burglary; a 2004 resisting arrest; a 2005 evading a peace officer with a vehicle theft; a 2007 hit and run with death or injury with two counts of vehicle theft; and a 2018 attempted burglary.  Defendant's other convictions were for presenting false identification, vehicle thefts, drug related charges, probation violations, and receiving stolen property." (*Moore*, *supra*, C097908.)

3

Noting that it reviewed the original sentencing documents, documents submitted by defense counsel, and the parties' briefs and arguments, the trial court declined to dismiss the enhancement. It found two mitigating circumstances: the felony is not violent and the enhancement is based on a prior conviction that is more than five years old. (§ 1385, subds. (c)(2)(F) & (H).) It further found that defendant had an "unbroken record of criminal conduct from 1988 with multiple prison sentences," some of which were serious felonies that were numerous (Cal. Rules of Court, rule 4.421(b)(2)),[2] cutting the gate chain showed sophistication (Rule 4.421(a)(8)), and the crime involved taking or damage of great monetary value (Rule 4.421(a)(9)).

The trial court found that, even if defendant was not a risk to public safety, the aggravating factors outweighed the mitigating factors. The court reimposed an aggregate prison sentence of six years four months.

## DISCUSSION

Defendant contends the trial court abused its discretion by finding that the aggravating factors outweighed the mitigating factors. As an initial matter, defendant contends that the law of the case doctrine precludes reimposition of the enhancement because insufficient evidence supported the court's danger to public safety finding and no new evidence was presented on remand. Defendant's contentions are misplaced.

" 'Under the law of the case doctrine, when an appellate court " 'states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout [the case's] subsequent progress, both in the lower court and upon subsequent appeal. . . .' " ' " (*People v. Campbell* (2023) 98 Cal.App.5th 350, 371.) "As its name suggests, the doctrine applies only to an appellate court's decision on a question of law; it does not apply to questions of fact." (*People v. Barragan* (2004) 32 Cal.4th 236, 246.)

---

[2] Undesignated rule references are to the California Rules of Court.

Section 1385 states in relevant part, "the court shall dismiss an enhancement if it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1).) In exercising its discretion under this subdivision, the court "shall consider and afford great weight" to a defendant's evidence showing the presence of any of the enumerated mitigating circumstances. (§ 1385, subd. (c)(2).) Presence of any of these mitigating circumstances "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (*Ibid*.)

Under section 1385, subdivision (c), the trial court was not required to find that dismissal of the enhancement endangered public safety at resentencing. (*Walker*, *supra*, 16 Cal.5th at p. 1036.) Rather, the court retained discretion to determine whether countervailing factors — other than public safety — " 'nonetheless neutralize even the *great weight* of the mitigating circumstance[s], such that dismissal of the enhancement is not in furtherance of justice,' " which is what it did here. (*Ibid.*, italics added, quoting *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1098, review granted Apr. 12, 2023, S278894.) This court's prior conclusion that insufficient evidence supported the trial court's original findings did not preclude the trial court from finding during resentencing that dismissal of the enhancement was not in the interests of justice. (§ 1385, subd. (c).) As such, the law of the case doctrine does not apply.

We review a trial court's order denying a motion to dismiss an enhancement under section 1385 for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373-374.) Defendant bears the burden of clearly showing that the trial court's decision was irrational or arbitrary. (*Id.* at pp. 376-377.) He has not made that showing here.

The trial court gave great weight to the two present mitigating factors and weighed them against the aggravating factors. The court's statements demonstrate that it considered the underlying circumstances of the enhancement, defendant's background, and criminal history, which constituted "substantial, credible evidence of countervailing factors." (*Walker*, *supra*, 16 Cal.5th at p. 1036.) Under the totality of circumstances, the

5

trial court declined to dismiss the enhancement because it found countervailing factors neutralized the great weight of the mitigating circumstances such that dismissal was not in the interests of justice. (See *ibid.*, citing *People v. Ortiz*, *supra*, 87 Cal.App.5th at p. 1098). Defendant has failed to establish abuse of discretion.

DISPOSITION

The judgment is affirmed.


/s/                         <br>MESIWALA, J.


We concur:


/s/                         <br>DUARTE, Acting P. J.


/s/                         <br>RENNER, J.